IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,843-01






EX PARTE JUAN IGNACIO CERDA MIRANDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W95-45884-H (A) IN THE CRIMINAL DISTRICT COURT NO. ONE


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to five years' imprisonment. He did not
appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel failed to properly admonish
him regarding deportation consequences. Applicant has alleged facts that, if true, might entitle him
to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 22, 2012

Do not publish